**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000079
31-JAN-2024
07:51 AM
Dkt. 73 SO**

NO. CAAP-17-0000079

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

BOB McDERMOTT and UTUFAASILI McDERMOTT, parents of
S. and B., minor children, Plaintiffs-Appellants,
v.
WARREN HARUKI, in his capacity as CHAIRMAN OF THE
BOARD OF EDUCATION, STATE OF HAWAIʻI; KEITH HAYASHI,
in his capacity as the SUPERINTENDENT OF THE DEPARTMENT
OF EDUCATION, STATE OF HAWAIʻI; GOVERNOR JOSH GREEN, M.D.,
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE GOVERNMENTAL
ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-1908-10 (ECN))

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Plaintiffs-Appellants Bob McDermott and Utufaasili

McDermott (the **McDermotts**) appeal from the Final Judgment Re:

Order Granting Defendants' Motion to Dismiss Complaint

(**Judgment**), entered pursuant to the Order Granting Defendants'

Motion to Dismiss Complaint (**Order of Dismissal**), both entered on

January 18, 2017, in favor of Defendants-Appellees Warren Haruki,

in his capacity as Chairperson of the Board of Education, State

of Hawaiʻi (**BOE**), Keith Hayashi, in his capacity as

Superintendent of the Department of Education, State of Hawaiʻi

(**DOE**), and Governor Josh Green, M.D. (**Governor Green**) (collectively the **State**),[1] in the Circuit Court of the First Circuit (**Circuit Court**).[2]

The McDermotts raise six points of error on appeal, contending that the Circuit Court erred in dismissing their Complaint because the court:  (1) erred in concluding that the complaint failed to allege a violation of a constitutionally protected rights; (2) erred in concluding that the Complaint sought remedies that violate the separation of powers doctrine; (3) erred in applying the "rational basis" test, rather than the "heightened judicial scrutiny" test; (4) erred when it did not allow the McDermotts to proceed with their claims against the State for alleged violations of state health laws and regulations, DOE requirements for school construction costs under Hawaii Revised Statutes (**HRS**) § 302A-1607(a)(1) (Supp. 2016), equitable expenditures, etc.; (5) erred when it did not allow the McDermotts to proceed with their claims against the State for failure to address the inadequate facilities at Campbell High School, in violation of HRS § 302A-1312 (Supp. 2016); and (6) erred when it did not allow the McDermotts to proceed with their claim against the State for violating its responsibility to provide school lunches under HRS § 302A-404 (2007).

---

[1]    The Complaint filed on October 12, 2016, originally named Lance Mizumoto in his capacity as the Chairman of the BOE, State of Hawaiʻi, Kathryn S. Matayoshi, in her capacity as the Superintendent of the DOE, State of Hawaiʻi, and Governor David Y. Ige as parties to the instant case.  As Mizumoto, Matayoshi, and Ige no longer hold their respective public offices, their successors, Warren Haruki, Keith Hayashi, and Governor Green, are automatically substituted as parties in the instant appeal pursuant to Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 43(c)(1).

[2]    The Honorable Edwin C. Nacino presided.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the McDermotts' points of error as follows:[3]

(1 & 3)  The McDermotts argue, *inter alia*, that the Hawaiʻi State Constitution guarantees a fundamental right to education, and thus any action by the State that infringes upon such right requires strict scrutiny by a reviewing court.[4]  The McDermotts rely on article X, sections 1[5] and 3[6] of the Hawaiʻi

---

[3]     It appears that the McDermotts no longer have children attending Campbell High School.  However, upon review, it further appears that even if the case were moot as to the McDermotts, one or more exceptions to the mootness doctrine would apply here.  See generally Hamilton *ex rel.* Lethem v. Lethem, 119 Hawaiʻi 1, 193 P.3d 839 (2008).

[4]     As conceded by the McDermotts in their opening brief, the right to an education is not protected by the United States Constitution.  See San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 35 (1973).

[5]     Article X, § 1 of the Hawaiʻi Constitution provides:

**Section 1**.  The State shall provide for the establishment, support and control of a statewide system of public schools free from sectarian control, a state university, public libraries and such other educational institutions as may be deemed desirable, including physical facilities therefor. There shall be no discrimination in public educational institutions because of race, religion, sex or ancestry; nor shall public funds be appropriated for the support or benefit of any sectarian or nonsectarian private educational institution, except that proceeds of special purpose revenue bonds authorized or issued under section 12 of Article VII may be appropriated to finance or assist:

1.  Not-for-profit corporations that provide early childhood education and care facilities serving the general public; and

2.  Not-for-profit private nonsectarian and sectarian elementary schools, secondary schools, colleges and universities.

[6]     Article X, § 3 of the Hawaiʻi Constitution provides:

**Section 3**.  The board of education shall have the power, as provided by law, to formulate statewide educational policy and appoint the superintendent of education as the chief executive officer of the public school system.

Constitution. It is clear that article X, sections 1 and 3 of our state constitution requires the State to provide for a statewide public school system, including physical facilities therefor, and establishes a state Board of Education with the power to formulate statewide educational policy and to appoint a superintendent to administer the Hawaiʻi public school system. Haw. Const. art. X, §§ 1, 3.

In this appeal challenging the Order of Dismissal, we view the allegations of the Complaint to be true. See Kealoha v. Machado, 131 Hawaiʻi 62, 74, 315 P.3d 213, 225 (2013).

Upon review, we conclude that the McDermotts allege no facts that would support a finding that the State has failed to satisfy the requirements set forth in article X, sections 1 and 3 of the Hawaiʻi Constitution.

There are no constitutionally protected fundamental rights implicated in the instant case, and the McDermotts do not allege that they are members of a suspect class. Therefore, we further conclude that the Circuit Court did not err in dismissing the case based on a failure to allege a violation of any constitutionally protected rights or for applying "rational review" in its Order of Dismissal. See Nagle v. Bd. of Educ., 63 Haw. 389, 393, 629 P.2d 109, 112, (1981) ("Where 'suspect' classifications or fundamental rights are not at issue, this court has traditionally employed the rational basis test." (citation omitted)).

(2) The McDermotts argue that the Circuit Court erred in determining that the political question doctrine bars the

4

McDermotts from challenging the State's budgetary and funding decisions and the Legislature's determination of funds appropriated for renovations to Campbell High School.

The McDermotts' Complaint is largely based on their allegation that Campbell High School's facilities and extracurricular programs are inadequate to accommodate the overcrowded student population such that it violates their children's constitutional rights.  Central to their Complaint, however, is the McDermotts' discontent with the Legislature's decision not to immediately appropriate $35 million to Campbell High School that they assert the (former) Governor had proposed would be used to fund the construction of a new building to alleviate the school's overcrowded conditions.  The McDermotts further allege that the DOE, BOE, and Governor had breached their respective duties in failing "to establish the priorities for the construction of a new high school versus the need to rehabilitate and add buildings to existing overcrowded high schools."

"[T]he nonjusticiability of a political question is primarily a function of the separation of powers."  Bd. of Educ. of Haw. v. Waihee, 70 Haw. 253, 262, 768 P.2d 1279, 1285 (1989) (quoting Baker v. Carr, 369 U.S. 186, 210 (1962)).  In determining whether the political question doctrine should apply, the Hawaiʻi Supreme Court has adopted the six-part test set forth by the United States Supreme Court in Baker.  Nelson v. Hawaiian Homes Com'n., 127 Hawaiʻi 185, 194, 277 P.3d 279, 288 (2012). The test states:

> Prominent on the surface of any case held to involve a
> political question is found:  (1) a textually demonstrable

5

> constitutional commitment of the issue to a coordinate
> political department; or (2) a lack of judicially
> discoverable and manageable standards for resolving it; or
> (3) the impossibility of deciding without an initial policy
> determination of a kind clearly for nonjudicial discretion;
> or (4) the impossibility of a court's undertaking
> independent resolution without expressing lack of respect
> due coordinate branches of government; or (5) an unusual
> need for unquestioning adherence to a political decision
> already made; or (6) the potentiality of embarrassment from
> multifarious pronouncements by various departments on one
> question.

Id. (quoting Trs. of Off. of Hawaiian Affs. v. Yamasaki, 69 Haw. 154, 170, 737 P.2d 446, 455 (1987)).

Upon careful consideration of, *inter alia*, the Baker test and the McDermotts' arguments concerning justiciability, we conclude that the McDermotts' allegations pertaining to the State's budgetary and funding decisions to administer our public school system, and the Legislature's appropriation of funds to carry out such decisions, have clearly been committed to those respective branches of government, and cannot be considered judicial fare. See Yamasaki, 69 Haw. at 173-75, 737 P.2d at 457-58 (dismissing consolidated lawsuits as nonjusticiable under the political question doctrine as any decision by the court would intrude in an area committed to the legislature). Accordingly, we conclude that the Circuit Court did not err in dismissing the instant case based on the separation of powers doctrine and issues of nonjusticiable political questions.

(4-6) The McDermotts argue that they are entitled to relief based on various alternative theories, contending that the Complaint raises factual allegations that implicate violations of various state statutes and the Hawaii Administrative Rules (**HAR**), which they contend would cure any purported constitutional and/or justiciability defects in the Complaint.

The McDermotts argue that the State violated HAR § 11-11-9 (repealed 2018), which set forth the minimum number of sanitary facilities that shall be provided in schools.  We conclude that the Circuit Court's dismissal of such claims was correct under the doctrine of exhaustion of administrative remedies, as the Department of Health's rules expressly provided an administrative process for resolving such claims, and nothing on the record indicates that the McDermotts have pursued such procedures.  See Kellberg v. Yuen, 131 Hawaiʻi 513, 527, 319 P.3d 432, 446 (2014) ("where a claim is cognizable in the first instance by an administrative agency alone, judicial review of agency action will not be available unless the party affected has taken advantage of all the corrective procedures provided for in the administrative process." (citation, internal quotation marks and brackets omitted)).

The McDermotts argue that the State violated HRS § 302A-404, which provides that "[s]chool meals shall be made available under the school meals program in every school where the students are required to eat meals at school."  (Emphasis added).  We conclude, inter alia, that the Complaint makes no factual allegations that would implicate a violation of the statute.

We further conclude that the McDermotts make no factual allegations that would implicate a violation of HRS § 302A-1312.  HRS § 302A-1312(a) requires the DOE to report its six-year program and financial plan for school repair and maintenance of public school facilities in the State of Hawaiʻi to the

7

legislature, and provides the criteria for the content of such reports. HRS § 302A-1312(b) requires the DOE to develop and maintain a facilities physical analysis report and a facilities financial analysis report for each public school. The McDermotts do not allege that the DOE has failed to produce these reports, or that the content of the reports fail to comply with the statutory criteria required under HRS §§ 302A-1312(a) and (b). Instead, the McDermotts contend that the State's history of inaction to address the inadequate facilities alleged in their Complaint renders such reports "worthless and merely 'band-aid' solutions at best." We conclude that the Circuit Court did not err in rejecting the McDermott's claims for relief pursuant to HRS § 302A-1312.

For these reasons, the Circuit Court's January 18, 2017 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, January 31, 2024.

| On the briefs: | /s/ Katherine G. Leonard<br>Acting Chief Judge |
|---|---|
| John S. Carroll and<br> Robert K. Matsumoto,<br>for Plaintiffs-Appellants. | /s/ Karen T. Nakasone<br>Associate Judge |
| Kalikoʻonalani D. Fernandes,<br>Deputy Solicitor General,<br>Department of the Attorney<br> General,<br>(Kimberly T. Guidry, former<br> Deputy Solicitor General on<br> the answering brief) | /s/ Sonja M.P. McCullen<br>Associate Judge |